TASHIMA, Circuit Judge,
concurring:
I concur fully in Judge Ikuta’s majority opinion. I write separately only to note briefly that I also concur in Judge Bea’s interpretation of Miranda B. v. Kitzhaber, 328 F.3d 1181, 1186-87 (9th Cir.2003), that the only dicta by which we are bound “is well-reasoned dicta.” Concurring and dissenting op. at 804 n.4 (Bea, J.).
Miranda B. adopted the definition of dicta in Judge Kozinski’s separate, minority opinion in United States v. Johnson, 256 F.3d 895, 914 (9th Cir.2001) (en banc) (separate opinion of Kozinski, J.), apparently under the belief that that opinion was the expression of the majority of the en bane court. At least the opinion in Miranda B. does not identify the citation as anything other than the opinion of the en banc majority. The citation in Miranda B. following the quotation of Judge Kozinski’s definition of dicta reads simply “United States v. Johnson, 256 F.3d 895, 914 (9th Cir.2001) (en banc).” But page 914 is part of Judge Kozinski’s separate, minority opinion, which starts on page 909, and is joined in by only three other judges of the 11-judge en banc court. See id. at 909. Be that as it may, because it was adopted by the Miranda B. panel, mistakenly or otherwise, Judge Kozinski’s definition of dicta is now the law of the circuit.
My views on what constitutes dicta are adequately set forth in my concurring opinion in Johnson, 256 F.3d at 919-21, and won’t be repeated here. Suffice it for me to observe that, given its subjective and amorphous nature, I concur in Judge Bea’s limitation of that definition to only “well-reasoned dicta,” as a welcome first
*797 step in cabining the expansive definition adopted by Miranda B.